# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )
MONZER AL KASSAR,                   )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )          Civil Action No. 15-714 (RMC)
                                    )
CHARLES E. SAMUELS, JR., *et al.*,  )
                                    )
                    Defendants.     )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's *pro se* pleading titled "CIVIL COMPLAINT, DEMAND FOR ARBITRATION, 9 USCS § 4; AFFIRMATION AND VERIFICATION, 28 USCS § 1746(1)," ECF No. 1 (emphasis in original), and Defendants' Motion to Substitute the United States for Defendants and to Dismiss Plaintiff's Claims, ECF No. 11. For the reasons discussed below, the Court will dismiss this matter for lack of subject matter jurisdiction.[1]

## I.  BACKGROUND

Plaintiff has been convicted "for conspiring to kill U.S. officers, to acquire and export anti-aircraft missiles, and to knowingly provide material support to a terrorist organization," and for "conspiring to kill U.S. citizens and money laundering." *United States v. Al Kassar*, 660 F.3d 108, 114 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012). He is

_____

[1] Plaintiff's motions for a stay, to take judicial notice, and to strike, ECF Nos. 3, 4, 5, 20 and 26, will be denied.

currently is incarcerated at a Federal Bureau of Prisons ("BOP") facility in Terre Haute, Indiana. *See* Compl. at 1.

Plaintiff alleges that he has entered into "an express contract . . . with the UNITED STATES which governs ALL issues between the parties[.]"  Compl. ¶ 1 (emphasis in original); *see id.* ¶ 11.  The contract to which Plaintiff refers purportedly resolves "the . . . calculation and payment of the monetary damages accrued as a result of the wrongful enforcement of the instrument entitled 'Judgment in a Criminal Case' a/k/a Judgment and [C]ommitment Order (J&C) as rendered by the United States District Court for the Southern District of New York in its cause of action no. 1:07-cr-354 (JSR) ('criminal case')[.]"  *Id.*, Ex. 1 (Arbitration Agreement and Contract) ¶ 1.  Although the document does not appear to bear the signature of any person on behalf of the United States, Plaintiff asserts that he "negotiated [the agreement] with the UNITED STATES," Compl. ¶ 4 (emphasis in original), such that the agreement is binding on Defendants Charles E. Samuels, Jr. and D. Scott Dodrill, *see id.* ¶¶ 2, 4, 14.[2]  Because Defendants allegedly breached the agreement by "choosing to tortuously interfere in the enforcement of the terms and conditions embodied" in it, *id.* ¶ 12, Defendants are "now in DEFAULT thereof," *id.* ¶ 2 (emphasis in original).

Alternatively, Plaintiff raises a claim against the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b), 2671-80.  Compl. ¶¶ 3, 6, 15-16.  He alleges that, on October 1, 2014, he "filed an Administrative Tort Claim demanding his arbitration rights as established in the Settlement to resolve the ongoing controversies between

---

[2] Plaintiff alleges that the "bad acts, actions and omissions complained of . . . have originated out [of] the offices of the Federal Bureau of Prisons," Compl. ¶ 4, that Defendants Samuels and Dodrill negotiated an agreement on behalf of the United States, *see id.* ¶¶ 5-6, 14, and that the United States is liable for breach of this agreement, *see id.* ¶ 2; *see also id.*, Ex. 1 ¶ 1.

the parties." *Id*. ¶ 15.  Plaintiff describes the circumstances under which his claim arose as

follows:

> The involuntary transfer of [Plaintiff] from the exclusive territorial
> and personal jurisdiction of the Kingdom of Spain to the United
> States without a valid and properly issued final extradition order
> issued by the appropriate court in Spain.  This 5th Amendment due
> process violation left the United States District Court for the
> Southern District of New York, in case no. 07-cr-351 (JSR) without
> territorial and personal jurisdiction to conduct further legal
> proceedings in this stated cause of action.  This rendered the
> Judgment in a Criminal Case the Federal Bureau of Prisons is
> enforcing against [him] to be NULL and VOID ab initio from the
> inception of these referenced proceedings.  These are violations [of
> Plaintiff's] inherent rights in violation of 28 [U.S.C.] § 1343 and 18
> [U.S.C.] §§ 241 and 242 or otherwise, i.e. false imprisonment.

Pl.'s Opp'n, Ex. A (Administrative Tort Claim dated October 1, 2014).[3]  According to Plaintiff,

"[t]he six (6) month response period . . . has now expired," yet he "is still being denied his

constitutional, statutory and contractual rights in a concerted trespass thereon as more

specifically protected in the express Settlement, i.e. a default."  Compl. ¶ 16.

 For Defendants' alleged breach of the Arbitration Agreement and Contract,

Plaintiff asks that Defendants "be ordered to an arbitration forum to resolve the ongoing

controversies between [the] parties."  *Id*. ¶ 17.  At the conclusion of these proceedings, Plaintiff

demands "judgment . . . for the sum certain amount of $3.1215 billion dollars for the trespass on

the express Settlement by these [D]efendants[.]"  *Id*.

---

[3] The Court construes "PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION, Document
no. 11, L.Cv.R. 7(b); AFFIRMATION AND VERIFICATION, 28 USCS § 1746(1)," ECF No.
15  ("Pl.'s Opp'n"), as Plaintiff's opposition to Defendants' Motion to Substitute the United
States for Defendants and to Dismiss Plaintiff's Claims.

## II. DISCUSSION

"Federal district courts are courts of limited jurisdiction," and "it is . . . presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Plaintiff therefore bears the initial burden of establishing that the Court has subject matter jurisdiction over his claims.  *See id.*; *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### A.  The Tucker Act

Defendants argue that, "[i]f Plaintiff's action is construed as one for breach of contract, this Court lacks jurisdiction over such a claim."  Defs.' Mem., ECF No. 11 at 9.[4]  The Court concurs.

A plaintiff may bring a "civil action or claim against the United States, *not exceeding $10,000 in amount*, founded either upon the Constitution . . . or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" either in a federal district court or in the United States Court of Federal Claims. 28 U.S.C. § 1346(a)(2) (emphasis added).  Regardless of the amount of a plaintiff's claim, the United States Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded . . . upon the Constitution . . . , or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding

---

[4] For purposes of this Memorandum Opinion, the Court presumes without deciding that there is an enforceable agreement between Plaintiff and the United States.  Defendants' motion to dismiss on the ground that the complaint does not state a claim for which relief can be granted, *see* Defs.' Mem. at 10, is denied.

in tort." 28 U.S.C. § 1491(a)(1).  Read together, these statutory provisions mean "that the Court of Claims has exclusive jurisdiction over all non-tort claims (including contract claims) for monetary relief in excess of $10,000 against the United States." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 963 n.13 (D.C. Cir. 1982).

In this case, Plaintiff demands an award of $3.1215 billion for Defendants' alleged breach of contract.  This amount far exceeds the $10,000 maximum limit of this Court's jurisdiction over a contract claim against the United States.  The Court therefore must dismiss this claim for lack of subject matter jurisdiction.

### B.  The Federal Tort Claims Act

"To the extent Plaintiff alleges a tort claim" against the United States, Defs.' Mem. at 11, he proceeds under the FTCA, *see* Compl. ¶¶ 3, 6.  The FTCA allows a plaintiff to file suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  There are limitations and exceptions to the FTCA, however, which require dismissal of Plaintiff's tort claims.

### 1. Naming the United States as Defendant

"Under the FTCA, [a] plaintiff[] may sue the United States in federal court for state-law torts committed by government employees within the scope of their employment." *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008) (citing 28 U.S.C. §§ 1346(b), 2671-80). Here, the government certifies that Defendants "were acting within the scope of their employment as employees of the United States at the time of the . . . incidents" alleged in the

complaint.  Defs.' Mem., Ex. A (Certification).  Based on the certification, this "tort suit automatically converts to an FTCA action against the United States in federal court; the Government becomes the sole party defendant; and the FTCA's requirements, exceptions, and defenses apply to the suit."  *Harbury*, 522 F.3d at 416 (internal quotation marks, citation and footnote omitted).  Notwithstanding Plaintiff's attempt to sue Defendants "in their individual, private and personal capacities," Compl. ¶ 2, the Court proceeds as if Defendants are sued in their official capacities alone.  Therefore, Defendants Charles E. Samuels, Jr. and D. Scott Dodrill are dismissed, and the United States is substituted as the Defendant in this action.  *See, e.g., Connell v. Copeland*, 417 F. App'x 3, 3 (D.C. Cir. 2011); *Wilson v. U.S. Park Police*, 300 F.R.D. 606, 607-08 (D.D.C. 2014).

### 2. Exhaustion of Administrative Remedies

The FTCA requires a plaintiff to exhaust his administrative remedies prior to initiating a lawsuit against the United States:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  Exhaustion is a jurisdictional requirement, *see GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987), and a plaintiff's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"); *Hammond v. Fed.*

*Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the evidence that he administratively exhausted his FTCA claim with the BOP before commencing this action").

The BOP maintains a "database, known as Content Manager, which contains information of all administrative tort claims filed by inmates in BOP custody, civilians and BOP employees." Defs.' Mem., Ex. B ("Oben Decl.") ¶ 2. Its declarant reports that the BOP has "no record that Plaintiff filed an administrative tort claim relating to this action." Oben Decl. ¶ 2. Ms. Obden's "review of [Content Manager] reflects that Inmate Monzer Al Kassar, Register Number 61111-054, has not presented any administrative tort claim to the BOP regarding the claims he raises in this litigation." *Id*. Notwithstanding Plaintiff's assertion "that he filed an administrative tort claim on October 1, 2014," Compl. ¶ 3, records maintained in Content Manager show only "two administrative tort claims . . . dat[ing] back to 2012," and both "were unrelated to the issues in this case," Oben Decl. ¶ 2.

Clarity is provided by Plaintiff's submission of a copy of his October 1, 2014 claim which indicates that it was mailed to the United States Department of Justice in Washington, D.C. *See* Pl.'s Opp'n, Ex. A (FTCA claim form). Plaintiff also submits a document indicating that the United States Postal Service delivered an item to an unspecified address – Washington, D.C. 20530 – on October 7, 2014. *Id*., Ex. A (USPS Tracking). These records do not establish that Plaintiff submitted an administrative tort claim to the BOP. It appears that Plaintiff may not have exhausted his administrative remedies prior to filing this lawsuit; if not, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. *See Davis v. United States*, 944 F. Supp. 2d 36, 38-39 (D.D.C. 2013) (dismissing FTCA claim for

lack of subject matter jurisdiction where prisoner plaintiff could show that he prepared a written

FTCA claim to the BOP but could not show that BOP actually received it).  Without evidence

that he exhausted his administrative remedies, which is lacking, Plaintiff's claim must be

dismissed.

3. Plaintiff Cannot Recover Monetary Damages for Constitutional Torts

Even if Plaintiff had exhausted his administrative remedies, his FTCA claim must

be dismissed.  Under the doctrine of sovereign immunity, the United States is immune from suit

unless Congress expressly waived sovereign immunity by statute.  *See United States v. Mitchell*,

463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its

consent and that the existence of consent is a prerequisite for jurisdiction.").  The FTCA operates

as a limited waiver of sovereign immunity rendering the United States subject to suit for certain

– but not all –  tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). The United

States is not "liable . . . for constitutional tort claims."  *FDIC v. Meyer*, 510 U.S. 471, 478

(1994); *see Stebbins v. United States*, 554 F. App'x 14 (D.C. Cir. 2014) (per curiam) (affirming

dismissal of constitutional tort claim "arising out of [appellant's] claim that clerks of the U.S.

Court of Federal Claims failed to file his notices of appeal"); *Thomas v. United States*, 779 F.

Supp. 2d 154, 157 (D.D.C. 2011) (dismissing Eighth Amendment claim for damages brought

against the United States, BOP and a BOP official sued in his official capacity); *Nelson v.

Williams*, 750 F. Supp. 2d 46, 53 (D.D.C. 2010) ("To the extent that plaintiff demands relief for

defendants' violations of his rights under the Eighth and Fourteenth Amendments to the United

States Constitution, these claims must be dismissed."), *aff'd*, No. 10-5429, 2011 WL 2618078

(D.C. Cir. June 23, 2011) (per curiam), *cert. denied*, 132 S. Ct. 1035 (2012).  Obviously, insofar

as Plaintiff demands damages from the United States for the "trespass upon [his] inherent and

civil rights," Compl. ¶ 3; *see id.* ¶ 12, 16, there is no remedy under the FTCA.

### C.  Relief Under 28 U.S.C. § 2255

Defendants note that "Plaintiff's 'contract' references the judgment in his criminal

case[.]"  Defs.' Mem. at 10 n.3.  They argue that, "[i]f Plaintiff seeks to challenge that judgment,

he must initiate that challenge in the United States District Court for the Southern District of

New York, where Plaintiff was sentenced."  *Id.*  The Court concurs.

A collateral attack on Plaintiff's conviction and sentence must be made via a

motion to vacate sentence under 28 U.S.C. § 2255.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d

882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper

vehicle for challenging the constitutionality of a statute under which a defendant is convicted);

*Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that

the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding

errors that occurred before or during sentencing).  Section 2255 specifically provides:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of
> the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, *or is otherwise subject to collateral
> attack*, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  This Court did not impose Plaintiff's sentence, and,

therefore, it lacks authority to vacate or correct it.  Furthermore, "it is well-settled that a [person]

seeking relief from his conviction or sentence may not bring [actions for injunctive and

declaratory relief]."  *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam)

(citations omitted).  Once a § 2255 motion has been adjudicated on the merits, as appears to be

the case here, *see Al Kassar v. United States*, Nos. 13 Civ. 3541 & 07 Cr. 354, 2014 WL
3417643 (S.D.N.Y. July 14, 2014) (adopting Magistrate Judge's Report and Recommendation to
deny motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255), a subsequent
motion for habeas relief must be presented to the appropriate court of appeals for permission to
proceed in the sentencing court.  28 U.S.C. § 2244 (b)(3)(A).

### III. CONCLUSION

This Court concludes that it lacks subject matter over Plaintiff's claims and,
therefore, Defendants' motion to dismiss will be granted.  An Order is issued separately.


DATE:  February 18, 2016                         _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge